**JAVERBAUM** **JW** **WURGAFT**
HICKS  KAHN  WIKSTROM  &  SININS, P.C.

*Certified Trial Attorneys*

505 MORRIS AVENUE
SPRINGFIELD, NJ 07081
TEL: 973-379-4200
FAX: 973-379-7872
www.lawjw.com

Andrew M. Moskowitz, Esq.
amoskowitz@lawjw.com

September 10, 2020

Via ECF

Hon. Anne Y. Shields, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, NY 11722

Re:   Community Coupons Franchising Inc. et al v. Eagle Marketing Solutions, LLC et al
       Case No.: 2:19-cv-04455-JMA-AYS

Dear Judge Shields:

Pursuant to the Discovery Scheduling Order entered in this matter on April 17, 2020, please accept the following as the parties' joint status letter.

On April 17, 2020, the Court adopted the parties' proposed discovery schedule. This schedule provided that the parties would complete Phase I Discovery by June 11, 2020. Defendants Eagle Marketing Solutions, LLC ("Eagle") and Defendant Dennis Bernstein ("Bernstein") provided this discovery in a timely fashion. Plaintiffs Community Coupons Franchising Inc. and Matthew Rosencrans ("Plaintiffs") did not provide said discovery.

On May 11, 2020, Bernstein served his First Set of Interrogatories. On May 20, 2020, Eagle served its First Request for Production of Documents. Having received no response to their discovery demands, no documents in connection with Phase I Discovery, and no response to their follow-up requests, Defendants requested that the Court schedule a conference call.

A telephone discovery conference was held on August 7, 2020. On August 13, 2020, the Court entered a Civil Conference Minute Order which required that "[b]y September 4, 2020, Plaintiff shall supplement the production with all outstanding responses and paper discovery not provided in the August 17, 2020 production. This production shall include Plaintiffs' commission statement."

Hon. Anne Y. Shields, U.S.M.J.
September 10, 2020
Page 2

       On August 17, 2020, Plaintiff served Eagle with Plaintiffs' First Set of Interrogatories.  Plaintiffs also provided their response to Eagle's request for documents.  The documents provided by Plaintiffs consisted of email communications.  In response to Request No.'s 6, 7, 9, 12, 14, 15, and 20, Plaintiffs stated that responsive documents would be provided "under separate cover."  Eagle requires complete responses to its document requests.

       Plaintiff initially failed to provide any supplemental production and/or a reconciliation of commissions owed.  On September 8, I wrote to Plaintiffs' counsel and asked that Plaintiffs provide this information on or before close of business on September 9.  Today, I received a response containing a one-page statement purporting to show commissions earned by Eagle.  However, Plaintiffs have failed to provide certain crucial information including, *inter alia*, i) a listing of all individual payments received in 2018 for each individual client; and ii) payments received beginning on January 1, 2019 for sales made in 2018, again organized by date received and name of the client.

       Once Eagle receives this information, it will be able to evaluate whether the matter is ready for trial and/or dispositive motion practice, if additional discovery is necessary, and whether it would make sense for the Court to schedule a settlement conference.

       We thank the Court for its courtesies in considering the foregoing.

                     Respectfully submitted,


                     /s/ Andrew M. Moskowitz
                     Andrew M. Moskowitz

cc:     Counsel of Record (via ECF)